UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALEXANDER LEYBOVICH, | § | Case No. 1:17-cv-00102 |
| | § | |
| Plaintiff, | § | |
| | § | COMPLAINT FOR DAMAGES |
| v. | § | UNDER THE FAIR DEBT |
| | § | COLLECTION PRACTICES ACT |
| JEFFERSON CAPITAL SYSTEMS, LLC, | § | AND OTHER EQUITABLE RELIEF |
| | § | |
| | § | JURY TRIAL DEMANDED |
| Defendant. | § | |
| | § | |

## PARTIES

1. Plaintiff, Alexander Leybovich ("Alexander"), is a natural person who resided in Austin, Texas, at all times relevant to this action.

2. Defendant, Jefferson Capital Systems, LLC ("Jefferson Capital"), is a Georgia limited liability company with principal offices in Atlanta, Georgia, and St. Cloud, Minnesota.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. Jefferson Capital regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

6. The principal source of Jefferson Capital's revenue is debt collection.

7. Jefferson Capital is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. As described, *infra*, Jefferson Capital was engaged by Verizon Wireless to collect a debt that Alexander allegedly owed to Verizon Wireless.

9. This alleged debt was incurred primarily for personal, family, or household purposes and, therefore, is a "debt" as defined by 15 U.S.C. § 1692a(5).

10. Alexander is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11. On or around January 11, 2017, Alexander entered into a payment arrangement with Jefferson Capital whereby Alexander agreed to pay Jefferson Capital $1,296.00 on or before February 15, 2017.

12. On January 12, 2017, Jefferson Capital sent a confirmatory letter (the "Letter") to Alexander, which stated, in part:

> Dear Alex Leybovich;
>
> This letter is to confirm the payment arrangement you made with Jefferson Capital Systems, LLC on 01/11/2017 to make payments as described in the payment schedule on the right.

13. To the right of this paragraph in the Letter was the following:

**PAYMENT SCHEDULE**

| Date | Payment Amt |
|---|---|
| 02/15/2017 | $1,296.00 |

14. After receiving the Letter, Alexander sent a check (the "Check") to Jefferson Capital in the amount of $1,296.00.

15. The Check was post-dated to February 15, 2017.

16. On or around January 30, 2017, Jefferson Capital attempted to negotiate the Check.

17. As a result, Alexander's checking account became overdrawn and Alexander incurred an overdraft charge.

18. In addition, Alexander was without funds in his checking account that could have been used for other purposes.

19. Jefferson Capital's actions in prematurely attempting to negotiate the Check caused Alexander emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

20. Jefferson Capital's actions also forced Alexander to lose time by having to take steps to remedy the overdrawn status of his account make contingency plans to pay charges charges that would become due before February 15, 2017.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 20 above as if fully set forth herein.

22. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

23. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

24. The likely effect of Defendant's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Plaintiff.

25. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 20 above as if fully set forth herein.

27. Section 1692f of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

28. More specifically, Section 1692f(4) prohibits a debt collector from "[d]epositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument."

29. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect a debt.

## JURY DEMAND

30. Alexander demands a trial by jury.

## PRAYER FOR RELIEF

31. Alexander prays for the following relief:

    a. Judgment against Jefferson Capital for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

### [SIGNATURE ON FOLLOWING PAGE]

-5-

                                RESPECTFULLY SUBMITTED,

                                Hyslip & Taylor, LLC LPA

Date:  February 11, 2017        By:  /s/ Jeffrey S. Hyslip
                                Jeffrey S. Hyslip, Esq.
                                Ohio Bar No. 0079315
                                1100 W. Cermak Rd., Suite B410
                                Chicago, IL  60608
                                Phone: 312-380-6110
                                Fax: 312-361-3509
                                Email: jeffrey@lifetimedebtsolutions.com
                                *Attorney for Plaintiff*